# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | NO. 3:11-CR-84 |
| v. | : | |
| | : | |
| KENNETH KRAEGER | : | (JUDGE CAPUTO) |
| | : | |

## MEMORANDUM

Presently before the Court is Petitioner Kenneth Kraeger's Motion to Amend Motion Made Under 28 U.S.C. § 2255. (Doc. 289.) Petitioner, proceeding *pro se*, seeks leave to amend his § 2255 Motion to add a new ground for relief. Specifically, Petitioner alleges that he was deprived of his right to due process when the Court denied a motion for continuance of his suppression hearing. For the following reasons, the Court will grant Petitioner leave to file his amendment and direct the Government to respond to Petitioner's amended § 2255 Motion.

## I. Relevant Background

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on December 7, 2016. (Doc. 286.) On December 30, 2016, Petitioner made his "*Miller*" election and chose to have the Court rule on his Motion as filed. (Doc. 288.) On February 3, 2017, with his § 2255 Motion pending, the Court received a request from Petitioner to amend his Motion. (Doc. 289.) The amendment seeks to add a due process claim based on the Court's denial of a motion for continuance filed by Petitioner, through his trial counsel, prior to his suppression hearing. (*See id.* at 1, 4-5.)

## II. Discussion

"The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). As such, generally a party may amend his habeas motion "as a matter of course" prior to the Government's filing of a response. Fed. R. Civ. P. 15(a)(1); *see also Mayle v. Felix*, 545 U.S. 644, 663 (2005). However, a one year limitations period also applies to § 2255 motions. *See* 28 U.S.C. § 2255(f); *see also Mayle*, 545 U.S. at 662. When a petitioner seeks to file an untimely amendment to a timely filed § 2255 motion, generally the court may permit such an amendment only when the amendment "relates back" to the original motion under Federal Rule of Civil Procedure 15(c). *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000). In *Mayle v. Felix*, the Supreme Court clarified that new claims can relate back if they arise from the "same conduct, transaction, or occurrence" described in a timely filed § 2255 motion. 545 U.S. at 664. The *Mayle* Court further explained that, in the habeas context, the "same conduct, transaction, or occurrence" means that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.*

Section 2255 generally requires a defendant to file his motion for habeas relief within one year of the date on which the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1); *United States v. Davies*, 394 F.3d 182, 186 n.2 (3d Cir. 2005). A judgment is final for purposes of § 2255 when the Supreme Court either denies certiorari or affirms the judgment of conviction on the merits. *See Kapral v. United States*, 166 F.3d 565, 569 (3d Cir. 1999). The Supreme Court denied Petitioner's petition for certiorari on December

7, 2015, *Kraeger v. United States*, 136 S. Ct. 601 (Mem), 193 L.Ed.2d 481 (Dec. 7, 2015), triggering the one year statute of limitations period at that time. Petitioner's original § 2255 Motion therefore appears to have been timely filed on December 7, 2016, but his proposed amendment was filed on February 3, 2017, outside the one year limitations period. Thus, unless the proposed amendment relates back to the original petition or qualifies for equitable tolling, it is untimely and will be precluded. *See James v. Folino*, No. 07-2162, 2015 WL 5063782, at *4 (E.D. Pa. Aug. 25, 2015).

     Petitioner's original Motion raises multiple claims of ineffective assistance of counsel, including a claim based on his trial counsel's handling of his suppression hearing. (Doc. 286-1, at 42-47.) Specifically, Petitioner contends that his counsel was ineffective in failing to object to the Court's denial of Petitioner's motion for a continuance prior to the hearing or otherwise seek immediate appellate review of the decision. (*Id.* at 45.) In his proposed amendment, Petitioner seeks to add a new ground for relief which the Court construes as a due process claim based on the Court's decision to deny the same motion for continuance that is at issue in Petitioner's original Motion. (Doc. 289, at 4-5 (citing *Ungar v. Sarafite*, 376 U.S. 575 (1964).) This claim is tied to a "common core of operative facts" that form the basis of one of Petitioner's original ineffective assistance claims, and thus the amendment relates back to Petitioner's timely filed Motion. *See Blakely v. Wenerowicz*, No. 3:13-cv-00575, 2016 WL 4650593, at *5 (M.D Pa. June 20, 2016). Therefore, Petitioner's request for leave to file an amendment to his original § 2255 Motion will be granted.

### III. Conclusion

The Court will grant Petitioner's Motion to Amend and will construe both his original Motion (Doc. 286) and the Motion to Amend (Doc. 289) as a singular Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Court believes that allowing this amendment is in the interest of justice, as once a § 2255 motion is decided on the merits, a party is generally precluded from filing a subsequent § 2255 Motion, even on grounds not considered in the prior motion. The Court will direct the United States to file a response to all of the claims presented therein.

An appropriate order follows.

| | |
|---|---|
| February 16, 2017 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |