# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | NO. 3:11-CR-84 |
| v. | : | |
| | : | |
| | : | |
| KENNETH KRAEGER | : | (JUDGE CAPUTO) |
| | : | |
| | : | |
| | : | |

## MEMORANDUM

Presently before the Court is Petitioner Kenneth Kraeger's second Motion to Amend Motion Made Under 28 U.S.C. § 2255. (Doc. 294.) Petitioner, proceeding *pro se*, again seeks leave to amend his § 2255 Motion to add additional reasons for why his trial and appellate counsel were ineffective. For the following reasons, the Court will grant Petitioner leave to file his second amendment and will provide the United States with additional time to respond to Petitioner's second amended § 2255 Motion.

## I. Relevant Background

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on December 7, 2016. (Doc. 286.) On December 30, 2016, Petitioner made his "*Miller*" election and chose to have the Court rule on his Motion as filed. (Doc. 288.) On February 3, 2017, with his § 2255 Motion pending, the Court received a request from Petitioner to amend his Motion. (Doc. 289.) The amendment sought to add a due process claim based on the Court's denial of a motion for continuance filed by Petitioner, through his trial counsel, prior to his suppression hearing. (*See id.* at 1, 4-5.) The Court granted Petitioner's Motion and directed the Government to file a response to Petitioner's

amended § 2255 Motion. (Doc. 291.) Currently, the Government has until April 10, 2017 to file its response. (*See* Doc. 293.) On March 7, 2017, the Court received a request from Petitioner to further amend his § 2255 Motion.[1]

## II. Discussion

"The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). As such, generally a party may amend his habeas motion "as a matter of course" prior to the Government's filing of a response. Fed. R. Civ. P. 15(a)(1); *see also Mayle v. Felix*, 545 U.S. 644, 663 (2005). However, a one year limitations period also applies to § 2255 motions. *See* 28 U.S.C. § 2255(f); *see also Mayle*, 545 U.S. at 662. When a petitioner seeks to file an untimely amendment to a timely filed § 2255 motion, generally the court may permit such an amendment only when the amendment "relates back" to the original motion under Federal Rule of Civil Procedure 15(c). *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000). The Third Circuit has explained that the relation back rule applies to § 2255 motions so long as the amendment provides "factual clarification or amplification . . . [and] does not seek to add an entirely new claim or new theory of relief." *Id.* Subsequently, in *Mayle v. Felix*, the Supreme Court clarified that new claims can relate back if they arise from the "same conduct, transaction, or occurrence" described in a timely filed § 2255 motion. 545 U.S. at 664. The *Mayle* Court further explained that, in the habeas context, the "same conduct, transaction, or occurrence" means that "[s]o long as the original and amended petitions state claims that are tied to a common core of

---

[1] Petitioner appears to have placed the instant Motion in the mail on February 27, 2017. (*See* Doc. 294, at 8.)

operative facts, relation back will be in order." *Id.*; *see Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009).

Section 2255 generally requires a defendant to file his motion for postconviction relief within one year of the date on which the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1); *United States v. Davies*, 394 F.3d 182, 186 n.2 (3d Cir. 2005). A judgment is final for purposes of § 2255 when the Supreme Court either denies certiorari or affirms the judgment of conviction on the merits. *See Kapral v. United States*, 166 F.3d 565, 569 (3d Cir. 1999). The Supreme Court denied Petitioner's petition for certiorari on December 7, 2015, *Kraeger v. United States*, 136 S. Ct. 601 (Mem), 193 L.Ed.2d 481 (Dec. 7, 2015), triggering the one year statute of limitations period at that time. Petitioner's original § 2255 Motion therefore appears to have been timely filed on December 7, 2016. However, like Petitioner's first amendment, the instant proposed amendment was filed outside the one year limitations period. Thus, unless the proposed amendment relates back to the original petition or qualifies for equitable tolling, it is untimely and will be precluded. *See James v. Folino*, No. 07-2162, 2015 WL 5063782, at *4 (E.D. Pa. Aug. 25, 2015).

Petitioner's original § 2255 Motion raises multiple claims of ineffective assistance of counsel. Specifically, Petitioner claims that his trial counsel was ineffective by failing to properly cross-examine the Government's expert witness and refusing to call her own expert witness (Doc. 286-1, at 18-28), failing to properly cross-examine Troopers John Weiss, David Hahn, and Jonathan Eckart (*id.* at 29-36), failing to seek the exclusion of tampered evidence (*id.* at 36-38), and failing to assert bad faith on the part of the officers

who conducted the 2009 search of Petitioner's home (*id.* at 38-40). Relevant to the instant Motion, many of the ineffective assistance claims in Petitioner's original Motion are based on purported deficiencies in counsel's challenge to the sufficiency of the Government's evidence with respect to the amount of marijuana found during the 2009 search of Petitioner's home, which, Petitioner contends, caused him to be improperly sentenced. (*See, e.g.*, *id.* at 23-28, 31-34; *see also* Doc. 294, at 2-3.)

In his proposed amendment, Petitioner first seeks to add a new ground in support of his ineffective assistance of counsel claims that arises out of his trial counsel's failure to question the Government's witnesses about the process by which the marijuana plants were counted and verified during the 2009 search of his home. (Doc. 294, at 2.) Specifically, Petitioner contends his trial counsel failed to question the Government's witnesses about whether the counting of the marijuana plants was conducted according to standard procedures and whether the officers who conducted the count independently verified that each plant contained the necessary "root structure" in order to qualify as a marijuana plant. (*Id.*) Petitioner's original § 2255 Motion raised essentially these same grounds with respect to trial counsel's cross-examination of Sergeant Cawley and Trooper Hahn. (*See* Doc. 286-1, at 26 (arguing trial counsel was ineffective when she "failed to question why Sgt. Cawley . . . did not follow any standard operating procedures during the 2009 search"); *id.* at 33 (arguing trial counsel was ineffective when she failed to ask Trooper Hahn how "this [marijuana] material [was] counted and verified").) Thus, to the extent Petitioner's proposed amendment seeks to clarify his original ineffective-assistance claims regarding trial counsel's cross-examination of these two witnesses, the

Court will grant Petitioner leave to file the amendment. *See Hodge v. United States*, 554 F.3d 372, 377 (3d Cir. 2009). Additionally, to the extent Petitioner seeks to add a new ground in support of his ineffective-assistance claims based on trial counsel's failure to properly cross-examine any of the Government's witnesses regarding the marijuana plant counting procedures and verification methods used during the 2009 search, the Court will permit the amendment because it is tied to a common core of operative facts as Petitioner's timely-filed ineffective assistance claims. *See Blakey v. Wenerowicz*, No. 3:13-cv-00575, 2016 WL 4650593, at *4 (M.D. Pa. June 20, 2016).

Petitioner's proposed amendment also seeks to add an ineffective-assistance claim based on his trial counsel's failure to question the Government's witnesses about why an allegedly exculpatory videotape of the search of Petitioner's home was lost. (Doc. 294, at 2.) Petitioner's original § 2255 Motion alleged that his trial counsel was ineffective when she failed to "properly question Sgt. Cawley regarding the missing video of the May 28th search." (Doc. 286-1, at 27.) Once again, to the extent the proposed amendment seeks to clarify one of Petitioner's original ineffective-assistance claims regarding counsel's cross-examination of Sergeant Cawley, the Court will grant Petitioner's amendment. And to the extent Petitioner seeks to add a new ground in support of his ineffective-assistance claims that arises out of trial counsel's failure to properly question any of the Government's witnesses about why the videotape was lost, the Court will permit the amendment because it is tied to a common core of operative facts as Petitioner's timely-filed ineffective assistance claims. *See Blakey*, 2016 WL 4650593, at *4.

Petitioner's proposed amendment further seeks to add an ineffective-assistance

5

claim based on trial counsel's failure to call a member of the Clandestine Lab Emergency Response Team ("CLERT") with familiarity of the lost videotape to testify. (Doc. 294, at 4.) Resolving all doubts in favor of a *pro se* petitioner, the Court will grant this amendment. This new ground in support of trial counsel's alleged ineffectiveness is supported by facts of the same "time and type" as claims raised in Petitioner's timely-filed Motion, namely, purported deficiencies in counsel's effectiveness at trial regarding her challenge to the manner in which the officers counted and verified the marijuana plants discovered at Petitioner's home during the 2009 search. *Hodge*, 554 F.3d at 378; *see Blakey*, 2016 WL 4650593, at *5. Accordingly, the Court will grant this amendment.

Lastly, Petitioner seeks to amend his original Motion to add a new ground in support of his appellate counsel's alleged ineffectiveness. Specifically, the proposed amendment claims that appellate counsel was ineffective in failing to raise the issue of the missing videotape on appeal. (Doc. 294, at 7.) Petitioner's original Motion claims appellate counsel was ineffective based on other deficiencies in his brief, including purported inadequacies in counsel's argument regarding the officers' counting of the marijuana plants during the 2009 search. (Doc. 286-1, at 71-72.) The Court again will permit the amendment to relate back to the original Motion, as this ineffective-assistance claim concerns the same common core of operative facts as timely-filed claims–the officers' counting and verification of the marijuana plants during the 2009 search.

Therefore, Petitioner's request for leave to file a second amendment to his original § 2255 Motion will be granted.

### III. Conclusion

The Court will grant Petitioner's second Motion to Amend. (Doc. 294.) The Court believes that allowing this amendment is in the interest of justice, as once a § 2255 motion is decided on the merits, a party is generally precluded from filing a subsequent § 2255 motion, even on grounds not considered in the prior motion. The Court will direct the United States to file a response to Petitioner's § 2255 Motion, as amended. (Docs. 286, 289, 294.) The Court will grant the United States additional time in order to file its response.

An appropriate order follows.

| | |
|---|---|
| March 20, 2017<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |